IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NOAH ALEXANDER VAN PELT,<br><br>Defendant. | CR 21–34–M–DWM<br><br><br><br>ORDER |

Defendant Noah Van Pelt filed a motion to change plea, (Doc. 28), and filed a putative plea agreement entered into between himself and the government under Federal Rule of Criminal Procedure 11(a)(2), (Doc. 27). Pursuant to an order from this Court, (Doc. 34), the parties filed briefs on two questions: (1) whether the dismissal of Count II will be with or without prejudice, and (2) whether Van Pelt's success on an appeal of the motion to dismiss would necessarily result in the dismissal of this case, (*see* Docs. 35, 37). Having read the parties' briefs, it is clear that the putative plea agreement is an "agreement" in name only; based on the current record, the Court cannot accept the plea agreement because the parties continue to disagree about the meaning of that "agreement."

"There is no absolute right to have a guilty plea accepted, and a court may reject a plea in the exercise of sound judicial discretion." *United States v.*

1

*Rodriguez-Armendariz*, 329 F.R.D. 277, 279 (D.N.M. 2018) (citing *United States v. Carrigan*, 778 F.2d 1454, 1462 (10th Cir. 1985)); *see also In re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007). Indeed, Rule 11(c)(3) expressly provides the Court with the ability to reject a plea agreement such as the one at issue here provided the Court, in open court, informs the parties that it rejects the agreement, advises the defendant that it is not required to follow the agreement and provide the defendant the opportunity to withdraw the plea, and inform the defendant that if the plea is not withdrawn, the court may dispose of the case less favorably than the plea agreement contemplated. *See* Fed. R. Crim. P. 11(c)(5). The Court has satisfied its Rule 11(c)(5) obligations here.

Rejecting the putative plea agreement in this case is necessary to comply with Rule 11(b)(2), which requires the Court to determine that the defendant's plea is knowing and voluntary. The defendant cannot enter a knowing and voluntary plea if that plea is rooted in terms about which the parties fundamentally disagree. The Court therefore rejects the plea agreement. Accordingly,

IT IS ORDERED that the following schedule will govern all pretrial procedures in this case:

- Trial Date[1]:                                        **December 13, 2021 at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

---

[1] Counsel shall appear in chambers a half hour before the scheduled trial time.

-     Plea agreement deadline:        December 6, 2021

-     JERS deadline:        December 6, 2021

-     Jury instructions and trial briefs deadline:        December 8, 2021

This schedule must be strictly adhered to by the parties. The September 15, 2021 Scheduling Order, (Doc. 12), remains in full force and effect in all other respects.

IT IS FURTHER ORDERED that the time between the filing of the defendant's motion to change plea, (Doc. 28), and the entry of this order is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(1).

DATED this 30th day of November, 2021.

_____
Donald W. Molloy, District Judge
United States District Court